IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MANETTA ANDREW and CHARLES ANDREW,
husband and wife                                              No.  3:19-cv-00141-YY

              Plaintiffs,                          ORDER

   v.

KEYBANK NATIONAL ASSOCIATION,

              Defendant.

HERNÁNDEZ, District Judge:

Magistrate Judge You issued a Findings and Recommendation on September 27, 2021, in

which she recommends that this Court grant in part and deny in part Defendant's motion for

Summary Judgment. F&R, ECF 50. The matter is now before the Court pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Defendant filed timely objections to the Magistrate Judge's Findings and

Recommendation. Def. Obj., ECF No. 54 When any party objects to any portion of the

Magistrate Judge's Findings & Recommendation, the district court must make a *de novo*

determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v.*

1 - ORDER

*Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Defendant's objections to the Findings and Recommendation and reviewed the pertinent portions of the record *de novo*. Defendant objects only to the Magistrate Judge's recommendation to deny summary judgment on Plaintiffs' Unlawful Trade Practices Act ("UTPA") claim. Reviewing the UTPA claim de novo, the Court concludes that, even viewing the evidence in Plaintiffs' favor, Plaintiffs' UTPA claim lacks support. Therefore, the Court adopts all of Magistrate Judge You's Findings and Recommendation except for the UTPA section. For the reasons stated below, and those stated in the unobjected-to portions of Judge You's Findings and Recommendation, Defendant's Motion for Summary Judgment is granted.

### Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the

2 - ORDER

pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218

(9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v.*

*Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the

light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108,

1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the

existence of a material issue of fact implausible, that party must come forward with more

persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Discussion

Because the Defendant objects only to Judge You's recommendation regarding Plaintiffs'

UTPA claim, this Order only discusses that claim. [1]  To begin, Judge You accurately described

the law governing UTPA claims:

> The UTPA authorizes action against a panoply of deceptive and unsafe business
> practices, including, among other things, misrepresentations made in connection
> with the sale of goods and services. *State ex rel. Rosenblum v. Johnson & Johnson*,
> 275 Or. App. 23, 33 (2015) . . . . A consumer may recover by alleging and proving
> that there was a willful violation of the provisions of the Act and ascertainable
> damages as a result of the violation. *Id*. Actionable representations under the UTPA
> 'may be any manifestation of any assertion by words or conduct, including, but not
> limited to, a failure to disclose a fact. *Johnson & Johnson*, 275 Or. App. at 33
> (quoting O.R.S. 646.608(2). [A] seller's failure to disclose a . . . circumstance
> bearing materially on a buyer's purchasing decision is an actionable
> misrepresentation of a 'characteristic' and 'quality' under the UTPA. *Id*. at 35. . . .
> To prevail on a UTPA claim, [a] plaintiff[] must show they suffered ascertainable
> damages as a result of" [defendant]'s actions . . . . In other words, plaintiff must
> suffer a loss of money or property that was *caused by* the unlawful trade practice.
> *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 126-27 (2015). F&R, 19–23.

---

[1]Neither party objected to Judge You's finding and recommendation on subrogation,
which the Magistrate Judge addressed in the UTPA section of her analysis. *See, e.g.*, Def. Obj.
14 n.5; Pls. Resp. 3, 5. Judge You concluded that the subrogation issue is too "speculative" to
support Plaintiffs' UTPA claim. F&R 27.

Here, Plaintiffs seek damages under the UTPA because they claim that Defendant misrepresented whether Defendant would obtain insurance for Plaintiffs' home. Viewing the evidence in the light most favorable to Plaintiffs, Defendant promised to obtain insurance for Plaintiffs' home as an inducement for Plaintiffs to sign Defendant's home equity loan. Thus, Plaintiffs assert, when their home was damaged in a fire, those loses were the result of Defendant's misrepresentation. Like Judge You, the Court questions whether the UTPA covers such claims. F&R 21. Even assuming that it does, the Court concludes that there is no evidence showing that Plaintiffs' loss—fire damage—was the result of Defendant's alleged misrepresentation. *See Pearson*, 358 Or. at 126–27.

Viewing the evidence in the light most favorable to Plaintiffs, there is evidence that Defendant promised to insure the property. M. Andrew Decl. ¶ 9, ECF 20. But that's not enough. Rather, Plaintiffs' UTPA claim requires evidence that Defendant promised to insure the property *for Plaintiffs' benefit.* For the costs related to the fire damage to have been caused by Defendant's misrepresentation, Defendant must have not only promised to insure the property, but it must have promised to insure the property for Plaintiffs' benefit. If the promise to insure was not for Plaintiffs' benefit, they would have incurred the same costs even had Defendant fulfilled its promise. Thus, those costs could not be the result of Defendant's misrepresentation. *See id.*

Reviewing the record, the Court finds no evidence that Plaintiffs understood Defendant's promise to purchase insurance as a promise to insure the property for Plaintiffs' benefit. Instead, the evidence strongly supports the opposite. Recounting her conversation with Defendant's lender, Plaintiff Manetta Andrew testified that she knew "[Defendant] would have to do what banks did to protect *their interest* in the form of the insurance until I could get the roof replaced,

then I could go get my own insurance and they could drop that." M. Andrew Dep. 25, ECF 24.

Just a few questions later in her deposition, Defendant's counsel confirmed with Plaintiff

whether she "asked [Defendant's employee] to put whatever was necessary on the property to

protect [Defendant]'s interest." She responded, "Right." Plaintiff's testimony reveals that she did

not understand Defendant's alleged promise to insure her property as a promise to insure the

property for her benefit.

There is no evidence in the record that contradicts Plaintiffs' foregoing statements and

creates a genuine dispute of material fact regarding whether Defendant promised to insure the

property for Plaintiffs' benefit. For example, the fact that Plaintiffs had insurance on the property

through another lender when negotiating the loan with Defendant offers little probative value on

the crucial question: whether Defendant promised to insure the property for Plaintiffs' benefit.

Nor is the fact that Plaintiffs asked Defendant about insurance *after* the fire probative on whether

Defendant promised—more than a year before the fire—to insure the property for Plaintiffs'

benefit. Instead, the Court is left with Plaintiff's statement that she understood Defendant's

promise to purchase insurance as a promise that Defendant would protect its interest, not

Plaintiffs'. Therefore, even if Defendant's alleged misrepresentation induced Plaintiffs to open

the loan with Defendant, it was not the *cause* of Plaintiffs' fire-related losses, i.e., their

ascertainable damages under Oregon's UTPA. *Id.* at 126–27 ("In other words, plaintiff must

suffer a loss of money or property that was *caused by* the unlawful trade practice.").

Accordingly, Plaintiffs' UTPA claim fails as a matter of law.[2]

---

[2]In its objections, Defendant also argues that the language of the signed loan agreement—
making clear that the Defendant had the option to purchase insurance but was not required to do
so—also shows that Plaintiffs did not rely on Defendant's alleged misrepresentation. Def. Obj.
18. But the fact that the contractual term itself contradicts the alleged misrepresentation used to

**CONCLUSION**

The Court adopts all of Magistrate Judge You's Findings and Recommendation except for the UTPA section. Reviewing Plaintiffs' UTPA claim, the Court finds it fails for the reasons described above. Therefore, for the foregoing reasons and those stated in the unobjected-to portions of Judge You's Findings and Recommendation, Defendant's Motion for Summary Judgment (ECF 14) is GRANTED.

IT IS SO ORDERED.

DATED: __December 31, 2021_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

induce Plaintiffs to sign the contract cannot be used as evidence that Plaintiffs did not rely on the alleged misrepresentation. *See Teague Motor Co. v. Rowton*, 84 Or. App. 72, 76–78 (1987).